RECEIVED
IN LAKE CHARLES, LA.
NOV 03 2009
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| EDWARD KENNEDY<br>FED. REG. #11295-016 | CIVIL ACTION NO. 09-0108<br>SECTION P |
| VS. | JUDGE TRIMBLE |
| WARDEN, FEDERAL CORRECTIONS<br>INSTITUTE, OAKDALE, LA | MAGISTRATE JUDGE KAY |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Edward Kennedy filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 on January 12, 2009.[1] Petitioner is an inmate in the custody of the Federal Bureau of Prisons. He is serving a sentence imposed by the District of Columbia Superior Court following his conviction for murder in 1994. Petitioner claims that the United States Parole Commission (Commission) abused its discretion and violated the Constitution's prohibition against *ex post facto* laws when it denied him parole based on the parole guidelines in effect at the time of his hearing and not the guidelines in effect at the time of his conviction.[2]

---

[1] Petitioner filed his petition in the United States District Court for the Northern District of New York and named as respondent Deborah G. Schult, the Warden of the Federal Corrections Institute, Raybrook, New York. However, since petitioner is incarcerated at the Federal Corrections Institute, Oakdale, Louisiana and was incarcerated at that institution when he filed this petition, the case was transferred to this court pursuant to 28 U.S.C. § 1406(a) on January 21, 2009. Doc. 2.

[2] In 1997, Congress passed the National Capital Revitalization and Self-Government Improvement Act, Pub. L. 105-33, 111 Stat. 745 ("the Act") which was ultimately codified at D.C. Code § 24-131(a)(2). Among other things, the Act provided that after August, 1998, sole authority over all parole release decisions regarding District of Columbia felony offenders would lie with the United States Parole Commission (USPC). The USPC promulgated its own regulations, including a "point-based scoring system," which uses an inmate's point score to determine the number of months an inmate should serve beyond his minimum sentence. *See* 28 C.F.R. §2.80. The system employed prior to 1998 awarded points in various categories and an inmate's score under this system determined his suitability for parole. *See* D.C. Mun. Regs. Tit. 28, §§ 204.16-22 (1987).

Petitioner claims that the Commission should have applied the D.C. Board's 1987 guidelines and 1991 policy and not the Commission's 2000 Guidelines. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## *Factual and Procedural Background*

After reviewing petitioner's petition, on June 17, 2009, the court ordered the Clerk of Court to serve a summons and a copy of the petition [doc. 1] on respondents:

1. Warden, Federal Corrections Institute, Oakdale, Louisiana;

2. The United States Parole Commission;

3. The Attorney General of the United States; and,

4. The United States Attorney for the Western District of Louisiana.

The court further ordered that respondents file an answer to the petition and a memorandum of law briefing the issues raised within sixty (60) days following the date of service. The court further ordered that petitioner be given twenty (20) days following the filing of respondents' answer to respond to said filing.

On August 13, 2009, respondents filed a response and memorandum of Law. Doc. 10. In said response respondents state that petitioner's claim is no longer justiciable so the court should therefore deny petitioner's petition for writ of *habeas corpus* and dismiss this action. Petitioner has not filed a response to respondents' pleading.

Respondents argue that this action is no longer justiciable because petitioner has already received all the relief to which he could have been entitled from this court. Doc. 10, at 6. That is, respondents say that the Commission has already ordered a new parole determination for petitioner, so there is no need for the court to overturn the Commission's determination, which is

the relief petitioner seeks in this action. *See* doc. 1, at 6 ("Petitioner asks that this Honorable Court overturn the decision of the Commission . . . ." which would result in remand and another determination by the Commission). Specifically, respondents state that "[b]y Notice of Action, dated August 10, 2009, the Commission ordered Petitioner's case reopened and remanded for a new parole determination hearing pursuant to the D.C. Board's [1987] guidelines and 1991 policy in effect at the time he committed his offenses." Doc. 10, at 3.[3]

## *Law and Analysis*

Article III of the Constitution only empowers federal courts to adjudicate actual, ongoing controversies. *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 98 L.Ed. 529 (1988). If the controversy is not live, ongoing, or ripe, then the action is moot, and the federal court cannot adjudicate the controversy. *New Orleans S.S. Assoc. v. Plaquemines Port harbor*, 816 F.2d 1074, 1077 (5th Cir. 1987). A dispute is considered moot "[i]f it has been resolved, or if it has evanesced because of changed circumstances[.]" *Louisiana Environmental Action v. U.S. Environmental Protection Agency*, 382 F.3d 575, 581 (5th Cir. 2004). Furthermore, it is not the role of the court to make a parole decision; Congress has entrusted that role to the Commission. *See INS v. Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353, 154 L. Ed. 2d 272 (2002).

Since the Commission has ordered that petitioner's case be reopened and remanded for a new parole determination pursuant to the guidelines in effect at the time of petitioner's offenses, the undersigned finds that the instant action before the court is moot. So too, since it is not the role of the court to make a parole determination, the undersigned finds that petitioner has already received all the relief to which he would have been entitled to from this court.

---

[3] Respondents attached a copy said Notice of Action along with a signed and sealed certification from the custodian of records of the United States Parole Commission. Doc. 10, Att. 1, p. 1, 30. The custodian certifies that the Notice of Hearing copy is a true copy of the document from the Commission's file.

3

Therefore, IT IS RECOMMENDED that petitioner's petition for writ of *habeas corpus* [doc. 1] be DENIED and this action be DIMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, this ___ day of _____, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE